■ KARL BRODZANSKY et al., Respondents-Appellants, v JOEL L. CHINMAN et al., Appellants-Respondents. [620 NYS2d 264] —In

an action, *inter alia,* for rescission of a lease based on fraudulent inducement, the defendants appeal from an interlocutory judgment of the Supreme Court, Nassau County (Christ, J.), dated May 29, 1992, which granted the plaintiffs' motion for summary judgment on the issue of liability and for rescission of the lease, and dismissed certain of the defendants' affirmative defenses and counterclaims, and the defendants appeal and the plaintiffs cross-appeal from a judgment of the same court (Kohn, J.), entered October 21, 1993, which, after a trial on the issue of damages, is in favor of the defendants on an amended counterclaim and against the plaintiffs in the principal sum of $2,250.

Ordered that the plaintiffs' cross appeal from the judgment is withdrawn; and it is further,

Ordered that the appeal from the interlocutory judgment is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the interlocutory judgment as is in favor of the plaintiffs on the issue of summary judgment is vacated, the plaintiffs' motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the complaint and the amended counterclaim to recover rent or the value of the use and occupancy of the premises at issue; and it is further,

Ordered that the defendants are awarded two bills of costs.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the final judgment (CPLR 5501 [a] [1]).

The documentation submitted by the plaintiffs in support of their motion for summary judgment raised issues of fact as to whether the defendants intended to deceive the plaintiffs when they entered into the lease in September 1990 *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Accordingly, the judgment containing the damage award, which followed the granting of summary judgment, must be reversed. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.